## UNITED STATES *v.* THORNBURG.*

## UNITED STATES *v.* WISE.

### (*District Court, S. D. Ohio.*   March, 1881.)

1. NAVIGATION LAWS—REV. ST. § 4472—CARRYING PETROLEUM ON PASSENGER VESSELS—PRACTICABLE MODE OF TRANSPORTATION.

   Section 4472 of the United States Revised Statutes prohibits the carrying of petroleum and other dangerous articles upon passenger vessels, but excepts petroleum of a certain fire test upon routes where there is no other practicable mode of transportation.

   *Held,* (1) that if there is an all-rail route over which the oil may be carried with any profit, it is a practicable mode of transportation; (2) but if the rate of freight by rail is so high as to prevent any profit upon the sale of the oil, or to destroy the trade between the points in question, it is not a practicable mode of transportation between those points.

Section 4472 of the Revised Statutes of the United States, under which these actions are brought, prohibits the carrying of petroleum, naphtha, nitro-glycerine, and other explosive and dangerous articles upon passenger vessels, but excepts from the prohibition refined petroleum of a certain fire test, upon routes where there is no other practicable mode of transportation. The case of *U. S.* v. *Thornburg* is a suit for penalty under this statute for carrying petroleum on a passenger steamer from Marietta to Cincinnati, and the case of *U. S.* v. *Wise* is for carrying it from Cincinnati to Memphis. Evidence was introduced by the government to show that there was an all-rail route between the points named, and it was claimed that it was a practicable mode of transportation, while the defence sought to prove that it was not a practicable mode, by showing (1) that the rate of freight by rail was so high as to leave no profit in the sale of the oil; (2) that the rate of transportation by rail between the points named was so high as to destroy the trade in oil between these points, inasmuch as it could be secured at a less rate from other points.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

*Channing Richards*, U. S. Dist. Att'y, for plaintiffs.

*Moulton, Johnson & Levy* and *W. H. Jones*, for defendants.

SWING, D. J., (*charging jury*.)   If there be an all-rail route over which the oil may be carried with any profit, it is a practicable mode of transportation; but, if the rate of freight by rail is so high as to prevent any profit upon the sale of the oil, or to destroy the trade in oil between the points in question,—in other words, if the rate of freight be so high as to prohibit commerce in oil between those points,—it would not be a practicable mode of transportion between those points.

I refuse to give the following charge, asked by the government: That if there be an all-rail route between the points in question, it constitutes a practicable mode of transportation, within the meaning of the statute, without regard to cost or distance.

Verdict for defendants.